UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROBERT SIMS** | * | |
| | * | **Civil Action No.:** |
| | * | |
| Versus | * | Section: |
| | * | |
| **UNION PACIFIC RAILROAD** | * | Mag.: |
| **COMPANY,** | * | |
| a Delaware Corporation | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT FOR DAMAGES

MAY IT PLEASE THE COURT:

NOW COMES, through undersigned counsel, the Plaintiff, Robert Sims, a person of full age and majority domiciled in the Parish of Jefferson, State of Louisiana, who respectfully represents as follows:

1. At all times material hereto, Defendant Union Pacific Railroad Company (UP) was and is a Delaware corporation organized and existing as a common carrier for hire by rail in and throughout the several States of the United States and, for the purpose of operating said railroad, did and does own, possess, operate, and maintain railroad cars, tracks, and other equipment in and about Orleans and Jefferson Parishes.

2. UP's contact ownership, operation, and maintenance of equipment, rail yards, and mainline railroad tracks in said Parishes result in UP possessing sufficient minimum contacts in the Eastern District of Louisiana.

1

3. At all times material hereto, Plaintiff was employed by UP as its servant and employee, and as such was working and engaged in interstate transportation and commerce and was working in furtherance of UP's interstate commerce and in work that closely, directly, and substantially affected the interstate commerce carried on by UP as a railroad common carrier freight for hire.

4. Jurisdiction of this Court is based on 45 U.S.C. §§ 51-60, commonly known as the Federal Employers' Liability Act (FELA) and this action is timely commenced under that statute.

5. Plaintiff's claims and causes of action arise under the FELA to recover damages for personal injuries he sustained while employed by UP.  Plaintiff's injuries occurred while he was engaged in UP's principal business of transporting freight in interstate commerce.

## COUNT I – VIOLATION OF THE FELA

6. Plaintiff incorporates and restates paragraphs 1-5 of this complaint as if fully pled herein.

7. On or about 1974, Plaintiff was hired by UP or its predecessors, successors, and/or affiliates in interest and has worked for UP until 2007 where he has held positions as and/or executed the duties of hustler and engineer.

8. At all times material hereto, Plaintiff's employment with UP required him to be exposed to hazardous substances, including but not limited to diesel exhaust; soot; dusts; gases; particles; and other toxic, dangerous, and unsafe chemicals, particulates, and/or substances.

9. Plaintiff was never notified by UP about the substances to which he was exposed, nor was he given any protection by UP against such hazardous exposure.

10. At all times material hereto, UP knew and specifically possessed medical and scientific data and other knowledge that clearly indicated that exposure to the substances to which Plaintiff was exposed was hazardous to his health and safety. UP had specific prior knowledge of that there was a high risk of injury or death resulting from exposure to said substances.  This knowledge was obtained, in part, from scientific studies and medical data to which UP had access, possession, and knowledge through its management, claims officials, and/or medical department.

11. As a result of his exposure to hazardous substances, dust, fumes, soot, and other byproducts of the railroad, and without any lack of due care on his part, Plaintiff contracted one or more chronic diseases related to such exposure.

12. Plaintiff was totally unaware of the cause of his latent and deteriorating medical condition until speaking with his doctor in or around early 2011.

13. The injuries sustained by Plaintiff and the resulting damages came as a result, in whole or in part, of the negligence of UP, its officers, employees, and/or agents, in violation of the FELA.  UP's negligence includes, but is not limited to:

    a. Failing to provide Plaintiff with a reasonably safe place to work;

    b. Failing to provide Plaintiff with proper protective equipment;

    c. Failing to inform and warn Plaintiff of the dangers associated with exposure to hazardous and/or otherwise toxic substances;

    d. Failing to warn plaintiff of the true nature and hazardous effects of the dust, fumes, soot, and other substances Plaintiff inhaled or was otherwise exposed to while engaged in his employment for UP;

    e. Negligently storing; using; failing to abate use, protect plaintiff from, and/or eliminate toxic substances, gases, particles, and/or chemicals.

    f. Commencing and continuing operations that were under its control and supervision when it knew or should have known that such operations would cause Plaintiff to be exposed to hazardous and/or carcinogenic substances without reasonably safe protection;

    g. Concealing the hazardous nature of substances from Plaintiff;

    h. Failing to provide Plaintiff with safe and proper ventilation systems in railroad facilities, including locomotives;

    i. Allowing unsafe practices to become standard practice;

    j. Failing to institute and/or enforce safety procedures and plans for adequate protection of Plaintiff;

    k. Failing to initiate and maintain any type of medical monitoring program for the benefit of Plaintiff in determining his wellbeing after the above-stated exposures and for the purpose of early detection of cancer and/or other life-threatening illnesses; and

    l. Other acts of negligence to be proven at trial.

14. As a result, in whole or in part, of the foregoing negligence of UP and its agents in violation of the FELA, Plaintiff suffered physical injury, great pain, extreme anxiety, and mental anguish. The injuries and disability he suffered are

permanent and life threatening, have diminished his enjoyment of life, and significantly reduced his anticipated life expectancy.

15. As a result, in whole or in part, of the foregoing negligence of UP and its agents in violation of the FELA, Plaintiff has lost wages in the past, will continue to lose wages in the future, and has sustained a permanent diminution of earning capacity and loss of fringe benefits in amounts to be proven by the evidence at the trial of this matter.

16. As a result, in whole or in part, of the foregoing negligence of UP and its agents in violation of the FELA, Plaintiff has been forced to incur medical expenses for doctors, hospitals, drugs, and health-care services, and he will be forced to incur additional expenses in the future to treat his injuries.

**WHEREFORE** Plaintiff Robert Sims prays that Defendant Union Pacific Railroad Company be duly served with a copy of this Complaint and be summoned to appear and answer the same, and after due proceedings are held that there be Judgment granted herein in favor of Plaintiff and against Defendant UP for all sums reasonable in the premises, together with legal interest thereon from the date of judgment until paid, for all costs of these proceedings, and for any and all further general and/or equitable relief that the Court determines is just and proper.

**JURY TRIAL DEMANDED.**

///

///

///

///

///

Dated:  January 6, 2014        **DAVIS, SAUNDERS & MILLER, PLC**

　　　　　　　　　　　　　　　　　　*/s/ Carisa German-Oden*
CARISA GERMAN-ODEN, #31463
JOSEPH M. MILLER, #30636
BENJAMIN B. SAUNDERS, #11733
400 Mariners Plaza Drive, Suite 401
Mandeville, LA 70448
Telephone #: (985) 612-3070

-and-

**YAEGER & JUNGBAUER BARRISTERS, PLC**

WILLIAM G. JUNGBAUER, *pro hac vice* forthcoming
DAVID A. BRANDIS, *pro hac vice* forthcoming
2550 University Avenue West, Suite 345N
St. Paul, MN 55114
(651) 288-9500

**Attorneys for Plaintiff Robert Sims**